## John C. Sloan v. Abe Lingafelter.

1. VERDICTS—*On Conflicting Evidence, Conclusive.*—Where the evidence is conflicting, the verdict of the jury is ordinarily conclusive of the controversy.

2. INSTRUCTIONS—*A Party's Duty to Ask, etc.*—A party litigant can not assign for error the failure of the court to give an instruction which he did not ask for on the trial of the case in the court below.

Memorandum.—Replevin. In the Circuit Court of Mercer County, on appeal from a justice of the peace: the Hon. JOHN J. GLENN, Judge, presiding. Trial by jury; verdict for defendant; appeal by plaintiff. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

JAMES M. BROOK, attorney for appellant.

BASSETT & BASSETT, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This is a suit in replevin, begun by appellant before a justice of the peace, against appellee, for the possession of a steer. Appellant was defeated before the justice, and on appeal to the Circuit Court he was again unsuccessful, and there was a verdict and judgment for appellee.

The main reason urged for a reversal, is that the verdict was against the weight of the evidence. The only question before the jury was one of identity. It appears that plaintiff had a spotted calf which was born in February or March, 1892. He marked it with a cut, or underbit as it is called, on the under side of the left ear, and by cutting the bush of hair at the end of the tail square off. Defendant had a spotted calf born in March, 1891. It had its left ear frozen, leaving it rough and notched around the edge, and the end of its tail was frozen off, so that but a few stubby hairs grew at the end. In the summer of 1893, both of these steers were turned out with other cattle of their owners, in a tract of bottom land known as Bay Island. They were put in pasture, but got out and were at large in the same locality. In the fall each of the parties thought that he had found his steer in the subject of this suit. Each party had several witnesses who were members of his family, and acquainted with his steer from its birth, and they were supported by others on each side. Plaintiff's witnesses were positive that the steer in controversy had the underbit in the left ear and the brush of the tail cut off, while defendant's witnesses were equally emphatic in denying the existence of such marks, and asserting that the left ear had been frozen, leaving it rough and notched on the edge, but that it had never been cut, and that the end of the tail had been frozen off, but the brush had not been cut. They also differed as to the age of the steer. The jury gave credence to the defendant's witnesses, and there is nothing in the evidence from which we are able to say that they were clearly wrong in doing so. The most important fact casting a doubt upon their conclusion is that the steer weighed but 685 pounds, which would indicate from the evidence that he was not as old as defendant's steer, unless very small for his age, but that fact is not of a controlling character, if he did not have the marks which defendant's steer unquestionably bore. If the ear was not cut or the tail banged, he did not belong to plaintiff. We will not disturb the finding of the jury as to the facts.

The parties agreed that the court might instruct the jury orally, and it is complained that the court in so instructing, failed to inform the jury that possession of personal property is *prima facie* evidence of ownership. Plaintiff had found the steer while running at large on the range and put it in his pasture, where defendant found it and took it away. If it would be proper on such evidence to instruct the jury that such possession of the plaintiff was any evidence of ownership, the question can not be raised here, for the reason that it does not appear that plaintiff asked the court to say anything on that subject, or raised the question in any way.

The judgment will be affirmed.